IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS

**FILED**
January 24, 2025 10:53 AM
SX-1999-CV-00507
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**

**DIVISION OF ST. CROIX**

ALVINA MARTIN,

**Plaintiff,**

v.

**NORMAN HENRY MARTIN**

**Defendant.**

**CASE NO. SX-1999-CV-00507**

ACTION FOR ACCOUNTING, DAMAGES AND RESTRAIN COMMISSION OF WASTE, AND FOR CONVERSION

Cite as 2025 V.I. Super 1 P

## MEMORANDUM OPINION

[1]     **THIS MATTER** is before the Court on the Plaintiff's "Motion to Reopen and Enforce Agreement" dated August 14, 2023, and a March 8, 2024 "Motion for Entry of Order or in the Alternative a Show Cause Hearing". The Defendant has not responded to either motion. However, upon consideration of the premises of the motions, the Court will deny them since the Court does not have jurisdiction to enforce the settlement.

[2]     On May 15, 2019, the Parties entered into a Mediated Settlement Agreement, completely resolving all matters in dispute. On February 2, 2021, the Plaintiff and Defendant moved to dismiss the matter because the Parties had settled their differences on May 15, 2019, and for the Court to retain jurisdiction for sixty (60) days thereafter for enforcement purposes. The Court's Order of Dismissal signed on February 4, 2021, acknowledged that the matter was mediated and settled but did not incorporate the settlement agreement. The Order only requires that the matter remain open for sixty (60) days for enforcement purposes, following which the case should be closed. Neither party moved to enforce the settlement agreement within sixty (60) days of the Court's dismissal.

[3]     Within a court's inherent authority to supervise and enforce settlement agreements, the Court may consider a motion to reopen the original case to enforce the settlement agreement. *Log Enterprises, Inc. v. Snell*, 2019 VI SUPER 25U, ¶ 7 (V.I. Super. Feb. 25, 2019)("The decision to re-open a case is traditionally within the discretion of a court.) When determining whether to dismiss, "the court must consider the timeliness of the motion, the character of the testimony, and the effect of the granting of the motion. [citations omitted]" *Id.* However, that decision must be preceded by an independent finding that the court has continuing jurisdiction.

[4]     The Supreme Court of the Virgin Islands made clear in *Etienne v. Alexander*, 73 V.I. 519, 524–25, 2020 VI 12, ¶¶ 13-14 (2020), that "when a trial court dismisses a case because the parties have settled, the court does not have jurisdiction to enforce the terms of the settlement agreement simply because it had jurisdiction to decide the underlying action. *Judi's of St. Croix Car Rental v. Weston*, 49 V.I. 396, 402 (V.I. 2008)." Jurisdiction may only be found "(1) where the Superior Court has "an independent basis for jurisdiction;" (2) where the settlement contract is "embod[ied]

in the dismissal order;" or (3) where the Superior Court expressly retains jurisdiction to enforce the agreement. *Etienne v. Alexander,* 73 V.I. at 525.

[5]     In this case, the Plaintiff moves approximately four years after the Parties' Mediated Settlement Agreement to reopen the case to enforce the agreement.  The plaintiff has not argued that there is an independent basis upon which this court has continued jurisdiction, nor can this Court find one.  The Court's Order of Dismissal retained jurisdiction for sixty days to enforce the agreement, and that time passed without action from the parties.  Therefore, the Court no longer has jurisdiction over this matter.

[6]     Moreover, the Settlement Agreement was not incorporated into the Dismissal Order in this case, thereby allowing the Court to consider the enforcement of a judgment under Rule 60(b) (1-6) of the Virgin Islands Rules of Civil Procedure. See *Judi's of St. Croix Car Rental v. Weston,* 49 V.I. at 404; *Vlaun v. Briscoe,* 77 V.I. 436, 444, 2022 VI 18, ¶ 13 (2022).  Hence, the Plaintiff's option is to file a separate civil action. Consistent with this Memorandum, an appropriate Order shall follow.

Dated January 24, 2025

HON. YVETTE ROSS-EDWARDS
Judge of the Superior Court

A T T E S T:

TAMARA CHARLES
Clerk of the Court

By:
Court Clerk
Dated: 1|20|2025